# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV680 RWS |
| | ) | |
| UNIVERSAL AM-CAN, | ) | |
| LTD., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for remand. In the motion, plaintiff indicates that he is willing to stipulate that "the amount in controversy is less than $75,000." The Court does accept stipulations in support of motions to remand, but the stipulation proposed by plaintiff is insufficient. The Court will remand this action back to state court if plaintiff has stipulated by sworn statement that he would neither seek nor accept damages in excess of the jurisdictional minimum ($75,000). See Walsh v. J.B. Hunt Transport, Inc., 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998); Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 879 (E.D. Mo. 1998). Importantly, plaintiff himself (not plaintiff's counsel) must agree to neither seek nor accept an amount in excess of $75,000. This language closes the door on any possibility that a plaintiff may recover an amount well in

excess of $75,000 in a favorable jury verdict. If plaintiff files a supplemental affidavit in support of remand in accordance with this Memorandum and Order by no later than July 13, 2007, I will remand the action back to state court. Otherwise, I will deny the motion for remand because plaintiff admitted that he made a settlement demand in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a supplemental affidavit in support of remand in accordance with this Memorandum and Order by no later than **July 13, 2007**, or the motion for remand will be denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2007.